UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAMP REALTY COMPANY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:10CV1058 JCH |
| | ) |
| AMERICAN STATES INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant American States Insurance Company's Motion to Dismiss Count III of Plaintiff's Complaint, filed June 11, 2010. (Doc. No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND

The facts in this case, as seen in the light most favorable to Plaintiff, are as follows: Plaintiff held an insurance policy (the "Policy") from Defendant, which covered 46 Goodwood Trails, Elsberry, MO ("the Property"), for loss to real and personal property from fire, lightning, and/or smoke, among other things. (Plaintiff's Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl."), ¶¶ 9, 15, 17). The Policy provided limits of liability in the amount of $233,400. (Id., ¶ 18).

On or about April, 27, 2009, lightning struck the Property, resulting in a fire. (Compl., ¶ 20). According to Plaintiff, this damage caused a total loss with respect to the Property; in other words, as a result of the damage caused by the perils and efforts to extinguish the April 27, 2009, fire, the Property could not be repaired, if at all, for less than the limits of the Policy, and the replacement value exceeded the limits. (Id., ¶¶ 24, 25).

On or about June 3, 2009, Defendant issued a check that it claimed reflected Defendant's obligation under the Policy. (Compl., ¶ 27). The check, in the amount of $98,066.61, consisted of estimated repair costs of $137,591.36, less a Policy deductible of $7,500 and depreciation of $32,024.75. (Id.). Plaintiff rejected this settlement offer, as in its view the fire resulted in a total loss of the Property, thus requiring Defendant to pay full replacement value up to the limits of the Policy. (Id., ¶ 28).

Plaintiff filed the instant Complaint in Missouri State Court on April 26, 2010. (Doc. No. 7). Count I of Plaintiff's Complaint is for Breach of Contract, Count II is for Vexatious Refusal to Pay pursuant to Mo.Rev.Stat. § 375.420, and Count III is for Willful and Wanton Misconduct. Defendant removed Plaintiff's Complaint to this Court on June 11, 2010. (Doc. No. 1). That same day, Defendant filed the instant Motion to Dismiss Count III pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. No. 6).

## STANDARD FOR MOTION TO DISMISS

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.

12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

In its Motion to Dismiss, Defendant asserts Plaintiff's claim for willful and wanton misconduct must be dismissed, as under Missouri law, "an insured's exclusive remedy when an insurance company wrongfully refuses payment of a claim to its insured is a breach of contract claim, plus the additional sums that may be recovered under Missouri's vexatious-refusal-to-pay statute, Section 375.420, R.S.Mo. 2000." (Defendant's Motion to Dismiss, P. 1). Plaintiff counters that a tort claim may be brought concurrently with a vexatious refusal to pay claim, if the tort claim is based on separate conduct and contains different elements. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Count III of Petition, P. 1).

Under Missouri law, "[w]hen an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract. Damages for breach of contract are limited to the loss of the benefit itself." Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 67 (Mo. banc 2000). The Missouri legislature has provided another avenue for recovery when there is a

vexatious refusal to pay, under Mo.Rev.Stat. § 375.420.[1]  "[Section 375.420] compensates an insured for consequential damages, such as attorneys fees and interest associated with collection, when the insurance company refuses to pay without reasonable cause or excuse."  Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co., 2006 WL 1722278 at *2 (E.D. Mo. Jun. 19, 2006) (internal quotations and citation omitted).

As recognized by the court in Overcast, Section 375.420 does not, "immunize insurers against all other claims made by an insured [other than breach of contract and vexatious refusal to pay] for any conduct occurring during a claim determination."  Overcast, 11 S.W.3d at 68.  Rather, additional tort liability may attach "when an independent tort has been committed against the plaintiff."  Lloyd's, 2006 WL 1722278 at *2 (citation omitted).

> The independent tort alleged cannot be dependent on the elements of the contract claim.  Independent facts must form the basis for the tort claim to survive a motion to dismiss.

Id. (citation omitted).  In other words, Missouri law does not allow contract claims simply to be recast as tort claims.  See Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002).

In the instant case, Plaintiff has failed to plead any facts which show Count III rests upon elements that are distinct from Counts I and II.  For example, Plaintiff's allegations that Defendant knew or should have known the damage to the Property constituted a total loss, but failed to treat the damage as a total loss in its settlement of the claim, are similar to and/or dependent on its earlier

---

[1] "In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." Mo.Rev.Stat. § 375.420.

assertions alleging a refusal to pay. (Compare Compl., ¶ 55-57 with Compl., ¶¶ 41, 43, 44). Furthermore, Plaintiff's claims that Defendant's actions and inactions were "willful, wanton, and/or reckless," and that Defendant acted "oppressively, maliciously, and outrageously toward [Plaintiff], and in conscious disregard for the law" (Compl., ¶¶ 64, 65), are extremely similar to the requirement under Mo.Rev.Stat. § 375.420 that the refusal to pay be "without reasonable cause or excuse." Plaintiff thus is foreclosed from asserting its claim of willful and wanton misconduct against Defendant, "because the facts pled in [Count III] are already within its causes of action for breach of contract and vexatious refusal to pay." Ryann Spencer Group, Inc. v. Assurance Co. of America, 275 S.W.3d 284, 290 (Mo. App. 2008) (citations omitted). The Court therefore will dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American States Insurance Company's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. No. 6) is **GRANTED**, and Count III of Plaintiff's Complaint is **DISMISSED** with prejudice.

Dated this 23rd day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE